Randal **DUNKLIN**, Plaintiff–Appellant,

v.

Noah **MALLINGER**; Terrance Saw; City and County of San Francisco, Defendants–Appellees.

No. 13–15728.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 10, 2015.

Filed Aug. 3, 2015.

John H. Scott, Scott Law Firm, San Francisco, CA, for Plaintiff–Appellant.

Blake Loebs, Deputy City, San Francisco City Attorney's Office, San Francisco, CA, for Defendants–Appellees.

Before: SCHROEDER, IKUTA, and CHRISTEN, Circuit Judges.

* This disposition is not appropriate for publication and is not precedent except as provided

MEMORANDUM *

This 42 U.S.C. § 1983 case involves the 2011 shooting by police of the plaintiff, Randal Dunklin, at the corner of Howard and 10th Street in San Francisco. The shooting took place during a confrontation with several police officers. Dunklin was in a wheelchair and behaving in a deranged manner. The district court granted summary judgment to the police on qualified immunity grounds. Critical events were captured on video.

It is not disputed that, after a scuffle in which Dunklin stabbed one of the police officers in the arm with a knife, Dunklin fled by wheeling around the corner. The police followed him at a walking pace, and armed with both firearms and a "less lethal," or beanbag, weapon, shot him with the "less lethal" weapon and ordered Dunklin to drop the knife, which had close to an 8–inch blade.

Dunklin did not drop the weapon, and after being shot with the "less lethal" round, threw the knife toward the officers. It was as his arm was cocked in a throwing manner that the officers shot him, causing serious injury.

As the Supreme Court has recently reiterated, the key question in excessive force analysis is whether the officers could reasonably conclude that the plaintiff posed an immediate threat to the safety of the officers or others. *City and Cnty. of S.F. v. Sheehan*, —— U.S. ——, 135 S.Ct. 1765, 1775, 191 L.Ed.2d 856 (2015). The district court granted summary judgment for the defendants on grounds of qualified immunity, holding that while a jury could find that the force was excessive, the law was not sufficiently clearly established, given the facts of this case.

by 9th Cir. R. 36–3.

With respect to immunity, the issue is whether a reasonable officer would have known that the force was excessive. *Plumhoff v. Rickard,* —— U.S. ——, 134 S.Ct. 2012, 2023, 188 L.Ed.2d 1056 (2014). Given the refusal of Dunklin to surrender the weapon and the threatening manner in which he was moving just before the shots were fired, we agree with the district court that a reasonable officer could have believed Dunklin constituted a threat. *See Lal v. California,* 746 F.3d 1112 (9th Cir. 2014) (holding that officers were entitled to qualified immunity after shooting a man holding a large rock over his head, because the officers reasonably believed the victim posed an immediate threat). We must view the facts in a light most favorable to the plaintiff where there is a genuine dispute. *Cunningham v. City of Wenatchee,* 345 F.3d 802, 807 (9th Cir.2003). The sequence of events in this case, however, is revealed in the video and not dependent upon resolving conflicting versions of what happened. The officers were entitled to qualified immunity.

Dunklin failed to demonstrate any inadequacy or flaws in training related to the shooting, or that the decision of the review board constituted government policy sufficient to hold the City and County liable. *See Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694–95, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). We therefore affirm the grant of summary judgment in favor of all defendants.

**AFFIRMED.**

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.